NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0742n.06

No. 13-4475

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 24, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| NACHIZONDE AGNES PHIRI, | ) |
| | ) |
| Petitioner, | ) |
| | )   ON PETITION FOR REVIEW |
| v. | )   FROM THE UNITED STATES |
| | )   BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | )   APPEALS |
| | ) |
| Respondent. | ) |

BEFORE:  McKEAGUE and GRIFFIN, Circuit Judges; POLSTER, District Judge.[*]

PER CURIAM.  Nachizonde Agnes Phiri, a citizen of Zambia, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of an immigration judge (IJ) denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Phiri was born in Zambia in 1977.  She entered this country in 2001.  She went to school to become a radiography and CT scan technician.  After her schooling was complete, she overstayed her visa.  She had a son born in 2010.  When placed in removal proceedings, she applied for the above relief, claiming to fear persecution in Zambia as a woman who has been diagnosed as HIV-positive.  After a hearing, an IJ denied all relief and ordered Phiri removed to Zambia.  The BIA agreed with the IJ's decision and dismissed her appeal.

---

[*]The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

We may grant a petition for review of a decision denying asylum relief only where the evidence is so compelling that no reasonable factfinder could fail to find that the applicant is entitled to relief. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). In order to be entitled to asylum, Phiri was required to show that she has a well-founded fear of persecution on account of a protected ground; in this case, her membership in the group of women who are HIV-positive. *See Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). Phiri raised several arguments to support her case. First, she argued that women, and particularly women with HIV, are discriminated against in obtaining employment in Zambia. However, the IJ found that Phiri would not be subject to such discrimination because of her training. In the worst case, Phiri acknowledged that she could be employed by her father, who owns a business manufacturing detergent. Next, Phiri pointed to an article she submitted documenting that women with HIV in abusive relationships often have difficulty keeping up with their medication regimen. However, this did not apply to Phiri, who is single.

Finally, Phiri indicated that the strongest of the three medications she takes daily to control her HIV is not available in Zambia because of its cost. Moreover, she argued that medications in general could become unavailable due to government corruption, when money intended to provide medication is diverted to line the pockets of corrupt officials, and foreign donors become disillusioned and withdraw their support. If the unavailability of medication to treat HIV in Zambia were considered persecution in this case, it would have to be shown to be motivated by a desire to persecute women with HIV. *See Umana-Ramos v. Holder*, 724 F.3d 667, 671 (6th Cir. 2013). The evidence shows, however, that the availability of medication is governed by economic forces and the greed of corrupt officials, and not designed to persecute the

group of which Phiri is a member. Therefore, the evidence does not compel a finding that Phiri has a well-founded fear of persecution.

Because Phiri has not established eligibility for asylum, she necessarily cannot satisfy the more demanding standard for withholding of removal. *See Bonilla-Morales*, 607 F.3d at 1138-39. And she has submitted no evidence to show that she will be tortured by or with the consent or acquiescence of the government of Zambia, in order to be entitled to protection under the CAT. *See Ali v. Reno*, 237 F.3d 591, 596-97 (6th Cir. 2001). Accordingly, we deny the petition for review.